## MONROE C. CLARK v.
## OTIS SHERRILL and SOUTHERN RAILWAY COMPANY.

(Filed 10 April 1963.)

**Railroads § 5—**

 Evidence tending to show that plaintiff was injured when defendant's train collided with plaintiff's truck on a clear day at a grade crossing where the track was straight for 700 feet in the direction from which the train approached, *is held* to show contributory negligence as a matter of law on the part of plaintiff, notwithstanding evidence that plaintiff's view of the track was obstructed by weeds, there being no evidence from which it might have been inferred that the obstruction along the track was sufficient to hide materially the view of an approaching train.

APPEAL by plaintiff from *Gambill, J.,* November 19, 1962 Term, FORSYTH Superior Court.

Civil action to recover for injuries plaintiff received in a grade crossing collision between his pickup truck, as he drove west on Fork Church Road, and the corporate defendant's south-bound train near the village of Bixby in Davie County. The collision occurred a few minutes after nine o'clock on the morning of February 2, 1959. The weather was clear. The sun was shining. The hard surface of the Fork Church Road at the crossing was 23 feet wide, smooth and level with the rails.

The cause of action was based on negligence in maintaining the right of way and in failure to give notice of the train's approach. The defendant denied negligence and conditionally pleaded contributory negligence as a defense.

At the conclusion of the plaintiff's evidence the court entered judgment of involuntary nonsuit, from which the plaintiff appealed.

*White & Crumpler, by James G. White, Leslie G. Frye, Harrell Powell, Jr., for plaintiff appellant.*

*W. T. Joyner and Womble, Carlyle, Sandridge & Rice, by W. P. Sandridge, C. F. Vance, Jr., for defendants appellees.*

PER CURIAM. The evidence disclosed the track in the direction from which the train approached was straight for a distance of 700 feet to 1,500 feet, according to which of the plaintiff's witnesses made the estimate. The plaintiff testified the track was concealed by a bank and weeds to within 75 feet of the crossing. However, the evidence disclosed the obstruction above the road and above the rails varied from about two feet near the crossing to four feet near the curve. While the plaintiff's evidence is to the effect that the tracks were obstructed,

there is no evidence from which it may be inferred the obstruction along the tracks interfered with a view of an approaching freight train. According to all the evidence, the plaintiff's failure to see the approaching train in the bright sunlight was his own fault. Contributory negligence appears as a matter of law. The judgment of nonsuit is

Affirmed.